UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TARA NOVA EL,<br><br>          Plaintiff,<br><br>    v.<br><br>FOUR SIGHT CAPITAL,<br><br>          Defendant. | **MEMORANDUM AND ORDER**<br>23-CV-02332 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

On April 17, 2023, *pro se* Plaintiff Tara Nova El who resides in Queens, New York, filed this action against Four Sight Capital, a company located in Phoenix, Arizona, pursuant to both federal question and diversity jurisdiction. ECF No. 1. Plaintiff's request to proceed *in forma pauperis* is granted. For the reasons discussed below, Plaintiff's complaint is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

The following facts are drawn from Plaintiff's pleadings, the allegations of which are assumed to be true for purposes of this Order. The underlying cause of action concerns a payment for a car loan. ECF No. 2 ¶ 8. Plaintiff alleges that she sent a "TENDER money order" to the Defendant and that "they did not honor [her] request and instead sent it back to [her] with a debt validation letter." ECF No. 1 at 5. Plaintiff seemingly alleges that the Defendant refused to accept the type of payment she was attempting to send. *Id.* Plaintiff seeks punitive damages. *Id.* at 6.

## LEGAL STANDARD

In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that courts "remain obligated to construe a *pro se*

complaint liberally"). [1]  Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall

dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief."

"It is a fundamental precept that federal courts are courts of limited jurisdiction and lack

the power to disregard such limits as have been imposed by the Constitution or Congress.

Perhaps the most important limit is subject-matter jurisdiction, which defines a court's

competence to adjudicate a particular category of cases." *Platinum-Montaur Life Scis.*, *LLC v.

Navidea Biopharms., Inc.*, 943 F.3d 613 (2d Cir. 2019).  "[S]ubject matter jurisdiction . . . can

never be forfeited or waived.  Consequently, defects in subject-matter jurisdiction require

correction regardless of whether the error was raised in district court." *See United States v.

Cotton*, 535 U.S. 625, 631 (2002); *see also* Fed R. Civ. P. 12(h)(3) ("If the court determines at

any time that it lacks subject-matter jurisdiction, the Court must dismiss the action.").

Federal courts have subject matter jurisdiction to hear cases if the parties have diverse

citizenship—diversity jurisdiction—or if the issues arise under federal law—federal question

jurisdiction.  *See* 28 U.S.C. § 1331 (stating that federal courts have "original jurisdiction over all

civil actions arising under the Constitution, laws, or treaties of the United States"); *see also* 28

U.S.C. § 1332(a) (stating that federal courts have original jurisdiction of cases between "citizens

of different States" where the "matter in controversy exceeds the sum or value of $75,000").

## DISCUSSION

Plaintiff's allegations fail to assert a basis for the Court to exercise federal question

jurisdiction.  A federal court lacks jurisdiction over a federal claim that "clearly appears to be

---

[1]      Unless noted, case law quotations in this order accept all alterations and omit all internal
quotation marks, citations, and footnotes.

immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).  Construing Plaintiff's allegations to "raise the strongest arguments they suggest," *McLoed v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017), the Court finds that the complaint does not suggest any basis for the exercise of federal question jurisdiction.  Plaintiff's claim, which can broadly be construed as a breach of contract claim, does not arise under the Constitution or any federal laws.  *See* 28 U.S.C. § 1331; *see also Brown v. Apple Inc.*, No. 17-cv-369, 2017 WL 1331254, at *3 n.4 (E.D.N.Y. Apr. 11, 2017) (finding that plaintiff cannot invoke federal question jurisdiction because he only alleged a claim for breach of contract).  Because the Court does not have federal question jurisdiction, it can only adjudicate Plaintiff's claim if it has diversity jurisdiction.

Under the diversity statute, federal courts have subject matter jurisdiction over claims when the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  The party asserting diversity jurisdiction bears the burden of proving that it exists by a preponderance of the evidence.  *See Aurecchione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir. 2005).  Here, Plaintiff asserts that she is a citizen of New York, and that Defendant is a citizen of Arizona, and accordingly, there appears to be complete diversity between the parties.  ECF No. 1 at 4.  However, Plaintiff alleges that the amount-in-controversy is less than $75,000.00, ECF No. 1 at 5, and thus she fails to meet the minimum amount-in-controversy to establish diversity jurisdiction over the action.[2]  *See* 28 U.S.C. § 1332(a).  Therefore, the Court finds that it also lacks diversity jurisdiction over this matter.

---

[2]     The Court notes that Plaintiff appears to seek punitive damages but "[g]enerally, punitive damages are not available in contract disputes," *TVT Recs. v. Island Def Jam Music Grp.*, 412 F.3d 82, 88 (2d Cir. 2005).  Even if punitive damages were available, it is not evident how

## **CONCLUSION**

For the reasons set forth above, the complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

The Clerk of Court is respectfully directed to enter judgment and close this case.  The Clerk of Court is also directed to mail a copy of this Memorandum and Order to the *pro se* plaintiff and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal.  *Coppedge v. United States*, 369 U.S.438, 444-45 (1962)

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
April 25, 2023

---

damages could exceed $75,000 because "few awards exceeding a single-digit ratio between punitive and compensatory damages . . . will satisfy due process."  *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).